IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BHC DEVELOPMENT, LC,
et al.,
                **Plaintiffs,**

v.                                               Case No. 12-2393-KHV-GLR

BALLY GAMING, INC.,
                **Defendant.**

## MEMORANDUM AND ORDER

Before the Court is a Motion to Compel Discovery (ECF No. 38), filed by Defendant on March 4, 2013. For the reasons set out below, the Court grants the motion.

**I.    Nature of the Matter Before the Court**

This action arises from a contract between Plaintiffs, landlord and management company for a state-owned gaming facility located in Dodge City, Kansas (Boot Hill Casino & Resort), and Defendant, a provider of computer software for collecting and disseminating gambling information of the operation. Plaintiffs sue for breach of contract, negligent misrepresentation, fraud, breach of express warranty, and breach of implied warranty of merchantability based on their purchase of Defendant's software for slot accounting and for casino marketing and player tracking. They allege generally that the software failed to operate in conformity with promises and representations made by Defendant prior to the purchase. Defendant has filed counterclaims alleging that Plaintiffs failed to make payments due under the purchase agreement and continued to use the software after their license expired.

Defendant has requested Plaintiffs to produce various documents. An inability to resolve a relevancy objection to Request 10 prompted the instant motion to compel. The motion is fully briefed and ready for ruling.

**II.     Discussion**

Through Request 10, served pursuant to Fed. R. Civ. P. 34, Defendant requested Plaintiffs to produce "All documents concerning the selection and installation of plaintiffs' new software." In its motion Defendant states it does not seek documents protected by attorney-client privilege or as work product. Its reply brief clarifies that Request 10 is limited to the search conducted by Plaintiffs for the selection of replacement software. Plaintiffs have withheld production. A party seeking discovery under Fed. R. Civ. P. 34 may move to compel production or inspection when the other party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."[1]

Plaintiffs objected to Request 10 on grounds of irrelevancy, work product, and attorney-client privilege. Given the statement that Defendant does not seek work product or documents protected by attorney-client privilege, the Court need only consider the objection of irrelevancy.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the general scope of discovery.[2] Since amendments in 2000, the rule provides "a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second

---

[1] Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(a)(1) requires motions to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Although the motion briefly addresses the duty to confer, it does not include the required certification. Nor does it show adequate efforts to confer. Defendant merely attaches a "golden rule" letter to exhibit compliance with the duty. But a single letter does not satisfy the duty. *See* D. Kan. Rule 37.2. Plaintiffs, however, do not rely on any failure to confer in opposing the motion. *See*, *generally*, Resp. Accordingly, the Court decides the motion on its merits. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996) (recognizing that even when a party fails to comply with the conference requirements, "it remains within the discretion of the court to consider the motion on its merits").

[2] Rule 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

being court-managed discovery that can include information relevant to the subject matter of the action."[3] Under this two-tiered process, objections on grounds of relevancy require the courts to first "determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[4]

At the discovery stage of litigation, relevancy is broadly construed and courts should consider requests for discovery relevant "if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"[5] or "to the subject matter of the action."[6] When the relevancy of requested discovery is not apparent, the party seeking the discovery has the burden to show its relevance.[7] On the other hand, when requested discovery appears relevant, the party objecting to the discovery has the burden to show that the discovery does not fall within the broad scope of relevance set out in Rule 26(b)(1) or "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[8]

In this case, Defendant contends that documents responsive to Request 10 are relevant to Plaintiffs' claim that it provided faulty software and its position that the software worked as intended and that Plaintiffs are thus wrongfully refusing to pay. It also contends that responsive documents may

---

[3] *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).

[4] *Id.* (quoting Fed. R. Civ. P. 26(b)(1) (2000 amend.)).

[5] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

[6] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999) (quoting *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)). Despite the changes to Rule 26(b)(1) in 2000, the standard enunciated in "*Etienne* remains good law." *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001).

[7] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[8] *Id.* (citation omitted).

show Plaintiffs' complaints regarding its software and what problems are corrected by the new software.

Request 10 appears to seek documents relevant to claims and defenses asserted in this action. Plaintiffs have asserted that Defendant provided faulty software. Documents revealing the search conducted by Plaintiffs for the selection of replacement software may show their stated reasons for seeking replacement software, including their complaints about Defendant's software. Responsive documents may also show differences between Defendant's software and potential replacement software. Although Plaintiffs contend that the software it purchased to replace Defendant's software is simply not at issue in this case, the new software and the reasons for obtaining it directly goes to claims and defenses in this action. Defendant affirmatively disputes that its software was unable to perform as promised. It has asserted a counterclaim for damages for unlawful termination of the contract by Plaintiffs. It alleges that its software met all contractual specifications and that Plaintiffs terminated the contract for other reasons. Given the facial relevancy of Request 10, Plaintiffs have the burden to show that it is irrelevant. They have not carried that burden.

Plaintiffs also urge the Court to find any marginal relevance of documents relating to the installation of its new software outweighed by the proprietary and confidential nature of the responsive communications with direct competitors of Defendant. Plaintiffs assert that an existing confidentiality agreement with third-party vendor Konami Gaming, Inc. does not adequately protect the vendor's confidentiality interests if they produce documents involving the vendor. Defendant states that it does not seek confidential or privileged information from Konami – it wants Plaintiffs' communications to Konami and other potential replacement vendors to discover Plaintiffs' thoughts about its software. The Court does not find documents responsive to Request 10 to be of such marginal relevance that the potential harm occasioned by their production outweighs the ordinary presumption in favor of broad

disclosure.

The parties and Konami, furthermore, have worked together in obtaining a stay of briefing on a related motion by Konami to intervene.[9] And in an effort to avoid wasting time and to alleviate the confidentiality concerns of Konami, the parties and Konami have agreed that, if the Court grants this motion to compel, Plaintiffs will initially "produce only BHC-authored documents relating to the Konami purchase created prior to July 17, 2012," which have been redacted to protect "any Konami responses to BHC-authored communications that contain confidential or proprietary Konami information."[10] This agreement appears adequate to address any confidentiality concerns of Konami.

For the foregoing reasons, the Court overrules the irrelevancy objection to Request 10. Defendant has limited the scope of that request to the search conducted by Plaintiffs for the selection of replacement software. It has also excluded work product and attorney-client privileged documents from its scope. Accordingly, the Court grants the motion to compel with those limitations on Request 10.

When the Court grants a motion to compel, the moving party is generally entitled to recover its reasonable fees and expenses.[11] Rule 37(a)(5)(A) precludes such recovery, however, when "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without

---

[9] *See* Agreed Mot. Stay (ECF No. 54).

[10] *See id.* ¶ 5. According to that agreement, "Konami's counsel will have an opportunity to review the initial production set prior to its production." *See id.* If after that initial production, Defendant "feels it needs additional Konami documents responsive to the request, it will file a response to the Konami motion," thereby notifying the Court, Plaintiffs, and Konami that it is necessary to resolve issues raised in that motion. *See id.*

[11] *See* Fed. R. Civ. P. 37(a)(5)(A).

court action" or "other circumstances make an award of expenses unjust."[12] In this case, Defendant filed the instant motion without the requisite certification showing good faith efforts to confer; thus depriving the Court of information pertinent to the issue of expenses. Regardless of good faith efforts to confer, the Court finds that the circumstances in general make an award of expenses or fees unjust.

**IT IS HEREBY ORDERED THAT** the Motion to Compel Discovery (ECF No. 38), filed by Defendant on March 4, 2013, is GRANTED. Excluding work product and attorney-client privileged documents, Plaintiffs shall, within twenty-eight days of the date of this order, produce all documents showing or discussing the search conducted by them for the selection of replacement software. This production shall be undertaken consistent with the agreement set out in the Agreed Motion to Stay (ECF No. 54). An award of expenses or fees is inappropriate under the circumstances. Each party shall bear its own attorney fees and expenses incurred in connection with the motion to compel.

**IT IS FURTHER ORDERED THAT** consistent with the Order of April 11, 2013, (ECF No. 56), the stay on the briefing on Konami Gaming, Inc.'s Motion for Leave to Intervene and Motion to Stay Ruling on Motion to Compel (ECF No. 49) is hereby lifted. Briefing on that motion will re-commence fourteen days after the production ordered herein. If no response to that motion is filed within that time-period, the Court may find the motion moot without further notice.

Dated in Kansas City, Kansas on this 9th day of May, 2013.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[12] Fed. R. Civ. P. 37(a)(5)(A)(i) and (iii).