# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BHC DEVELOPMENT, L.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-2393-KHV |
| BALLY GAMING, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

BHC Development, L.C. and BHCMC, L.L.C. brought suit against Bally Gaming, Inc. for breach of contract (Count I), negligent misrepresentation (Count II), fraudulent inducement (Count III), breach of express warranty (Count IV) and breach of warranty of merchantability (Count V). The dispute arose from plaintiffs' purchase of casino management hardware and software from defendant. Defendant counterclaimed that plaintiffs failed to make payments due under the purchase agreement and continued to use the software after their license expired.

On July 15, 2013, defendant filed a motion for summary judgment on each of plaintiffs' claims and on its counterclaim. See Defendant's Motion For Summary Judgment (Doc. #83). In the alternative, defendant asserted that the contract limited damages on any surviving claims to $280,135.00 – the amount that plaintiffs paid for the software. The Court sustained defendant's motion for summary judgment as to plaintiffs' claims of fraudulent inducement and breach of express warranty, and found that plaintiffs' damages on their contract claims are limited to $280,135.00. The Court otherwise overruled defendant's motion. This matter comes before the Court on Defendant's Motion To Alter Or Amend A Judgment (Doc. #158) filed December 16, 2013. Defendant seeks reconsideration under Rule 59, Fed. R. Civ. P. Defendant asserts that in

ruling on the motion for summary judgment, the Court should have found that the limitation of liability provisions in the Agreement apply to plaintiffs' claim for negligent misrepresentation. For reasons set forth below, the Court overrules defendant's motion.

**I.     Legal Standard**

Local Rule 7.3(b), D. Kan. governs motions to reconsider non-dispositive orders, while Rule 59 generally applies to final orders and judgments that adjudicate all of the parties' remaining rights and liabilities. Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp., 748 F.Supp.2d 1261, 1264 n.3 (D. Kan. 2010) (citing Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008); Raytheon Constr., Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003)). Some uncertainty exists with respect to whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3. A.H. ex rel. Hohe v. Knowledge Learning Corp., No. 09-2517-DJW, 2011 WL 2731757, at *2 n.12 (D. Kan. July 13, 2011) (noting disagreement whether to characterize partial summary judgment orders as dispositive or non-dispositive); Coffeyville Res. Ref. & Mktg., 748 F.Supp. 2d at 1264; compare Johnson v. Simonton Bldg. Props., Inc., No. 08-2198, 2009 WL 902409, at *2 (D. Kan. Mar. 31, 2009) (order dispositive because it terminated some of plaintiff's claims) and Seyler v. Burlington N. Santa Fe Corp., 121 F.Supp.2d 1352, 1355 (D. Kan. 2000) (order that did not fully resolve case could be challenged by timely motion under D. Kan. Rule 7.3(b)). Here, the result is the same whether the Court considers defendant's motion as one to reconsider under D. Kan. Rule 7.3(b) or under Rule 59.

Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). A motion to reconsider is

not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994); see Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F.Supp. 2d 1130, 1132 (D. Kan 2005) (party's failure to present its strongest case in first instance does not entitle it to second chance in form of motion to reconsider).

Under Rule 59, grounds warranting relief include (1) an intervening change in the controlling law, (2) new evidence previously unavailable and (3) the need to correct clear error or prevent manifest injustice. See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 (10th Cir. 2000); Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995).

**II.   Analysis**

In ruling on defendant's motion for summary judgment, the Court found that the Agreement's limitation of liability restricts defendant's liability on plaintiffs' contract claims to the amounts which plaintiffs agreed to pay under the contract. Defendant asserts that it argued – and that the Court should have found – that the limitation of liability applies to plaintiffs' claim for negligent misrepresentation as well.

In its memorandum in support of its motion for summary judgment, defendant first argued that it was entitled to summary judgment on each of plaintiffs' substantive claims, including the claim for negligent misrepresentation. In a separate section, defendant asserted that "[e]ven if this Court denies any portion of Bally's Motion for Summary Judgment, this Court should enforce the limitation of liability provision included in the Agreement in Paragraph 19." Defendant's Memorandum In Support Of Motion For Summary Judgment (Doc. #84) filed July 15, 2013 at 20. Defendant quoted paragraph 19, and then pointed out that limitations on liability and remedies are

enforceable under the Kansas version of the Uniform Commercial Code, K.S.A. § 84-2-719, which specifically provides for contractual modification or limitation of remedies. See id. at 20-22 (citing Evolution, Inc. v. SunTrust Bank, 342 F.Supp. 2d 964, 969-70 (D. Kan. 2004) (software purchaser limited to contract damages as provided in agreement).[1] Defendant then stated as follows:

---

[1] In its motion to reconsider, defendant asserts that in Evolution, Inc. v. SunTrust Bank, 342 F.Supp. 2d 964 (D. Kan. 2004), "[r]egarding the limitation to the negligent misrepresentation claim the Court stated that if defendants chose to disaffirm the contract, their potential recovery would still be limited by the license agreement." Doc. #159, citing Evolution, 342 F.Supp. 2d at 973. The Court in Evolution stated as follows:

> Plaintiff contends that defendants' recovery for plaintiff's alleged fraud or misrepresentation with respect to the License Agreement should be limited to $174,744.00 or actual damages, whichever is less, in compliance with Part IV, Section 4 of the license.
>
> However, "Kansas law provides alternative remedies to a plaintiff who has been fraudulently induced to buy and pay for property delivered to him. He may disaffirm the contract and sue for rescission, in which case he seeks restoration of his status before the sale was completed. In the alternative, he may affirm the contract and sue for damages." Whittenburg v. L.J. Holding Co., 830 F.Supp. 557, 563 (D. Kan. 1993) (citing Waggener v. Seever Sys., Inc., 233 Kan. 517, 523, 664 P.2d 813 (1983)). Before or at the outset of trial, defendants must choose their remedy. If defendants affirm the contract, then their potential recovery will be limited by Part IV, Section 4 of the License Agreement. However, defendants could decide to disaffirm the contract, in which case defendants may seek an amount in damages that will restore defendants' status before the sale. Consequently, the court will not decide at this juncture in the proceedings that defendants are limited by Part IV, Section 4 of the License Agreement. The court denies plaintiff's motion for summary judgment.
>
> Plaintiff also asserts that defendants' recovery for plaintiff's alleged fraud or misrepresentation with respect to the Source License and Data Door License should be limited to the license fees or actual damages, whichever is less.
>
> Plaintiff cites no clause in the Source License or Data Door License to support its argument. Both licenses state that plaintiff cannot be held liable for consequential damages, but neither restricts potential recovery for actual damages. Plaintiff's motion, therefore, is denied.

(continued...)

> As set forth in the Affidavit of Alex Han, Finance Manager for Bally, Exhibit C, the amount paid by plaintiffs for the software at issue is $281,135.00. While Bally believes the Court need not reach this issue if it dismisses Counts I-V in their entirety as requested, Bally states that if <u>any</u> of plaintiffs' claims survive, they are limited to seeking damages in that amount.

Doc. #84 at 22 (emphasis in original).[2] Thus, in arguing for application of the limitation of liability,

---

[1](...continued)
Evolution, 342 F.Supp. 2d at 973-74.

[2]  Plaintiffs responded to defendant's argument that the contract limits damages as follows:

> Bally contends that any recovery by Plaintiffs must be limited to the amount paid for the Software due to the limit of liability provision in paragraph 19 of the Agreement. However, limitation of liability clauses cannot be enforced when they are contained in a contract that has been procured by fraud. Audiotext Commc'ns Network, Inc. v. US Telecom, Inc., 912 F. Supp. 469, 475-76 (D. Kan. 1995) ("If plaintiffs are able to prove fraud in the inducement, their recovery is not limited to the contracted amount."); see also TBG, Inc. v. Bendis, 845 F. Supp. 1459, 1461-62 (D. Kan. 1994) (applying New York law). Plaintiffs have established the facts necessary to prove fraud against Bally and will prove those facts at trial. Therefore, any limitation on the damages Plaintiffs may recover is inappropriate at this stage.

Plaintiffs' Response (Doc. #104) filed August 21, 2013, at 48. Defendant replied as follows:

> Plaintiffs next argue that the limitation of liability provision is invalid because the Agreement was induced by fraud. As discussed in section D, above, plaintiffs have failed to offer evidence that Bally's conduct amounted to fraud. Nevertheless, as explained in Flight Concepts, 819 F.Supp. at 1549-50, because the alleged representations are not included in the Agreement, evidence of fraud, as well as the fraud claims, are precluded. Thus, even if this Court denies Bally's Motion for Summary Judgment, Bally's liability is limited by Paragraph 19 of the Agreement to $281,135.00, the undisputed amount paid for the Software (the SDS slot monitoring system, the CMP casino management system, and the CMP promotion pack) at issue. See Alex Han Affidavit, attached to Bally's Motion for Summary Judgment. The Agreement clearly provides that Bally's cumulative liability "shall be limited to the total sum of the amounts actually paid [by Boot Hill] for any particular…products pursuant to this Agreement from which such claim(s) may arise . . ." See Agreement, ¶ 19. This Court must enforce this provision in favor of Bally.

(continued...)

defendant's memorandum in support of its motion for summary judgment superficially included the negligent misrepresentation tort claim. It focused, however, on Kansas UCC law relating to contract claims, and did not specifically address the limitation of liability as to the tort claim. The Court thus analyzed the limitation as to plaintiffs' contract claims. Defendant's statements that "even if this Court denies any portion of Bally's Motion For Summary Judgment , this Court should enforce the limitation of liability provisions included in the Agreement in Paragraph 19," and that "if any of plaintiffs' claims survive, they are limited to seeking damages in that amount," do not specifically address plaintiffs' negligence claim, let alone provide any analysis as to that argument. These generalized statements without analysis did not provide a basis for the Court to decide whether the limitation of liability applies to plaintiffs' negligent misrepresentation claim. The Court has no duty to look beyond what defendant argued to analyze the limitation of damages as to each claim. The Court therefore finds that defendant has not shown (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 (10th Cir. 2000). As noted, a motion to reconsider is not a second opportunity for a losing party to make its strongest case. Furthermore, the legal authority which defendant cites in support of its claim falls short of suggesting that reconsideration is necessary to correct clear error or prevent manifest injustice.

---

²(...continued)
Defendant's Reply (Doc. #105) filed September 4, 2013, at 38-39.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Alter Or Amend A Judgment (Doc. #158) filed December 16, 2013 be and hereby is **OVERRULED**.

Dated this 7th day of January, 2014 at Kansas City, Kansas.

s/Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
