UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BHC DEVELOPMENT, L.C., et al.,

          Plaintiffs,

v.                                                          Case No. 12-2393-JPO

BALLY GAMING, INC.,

          Defendant.

### **ORDER**

This contractual dispute arises from the sale of casino management hardware and software by defendant, Bally Gaming, Inc., to plaintiffs, BHC Development, L.C. and BHCMC, L.L.C.—the developers and operators of Boot Hill Casino & Resort in Dodge City, Kansas. Plaintiffs filed suit against defendant asserting claims for breach of contract, negligent misrepresentation, and breach of implied warranty of merchantability.[1] The matter is currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendant's motion to compel an election of remedies (**ECF doc. 175**). Defendant asks the court to direct plaintiffs to elect their remedies before trial starts on March 3, 2014, to avoid confusing the jury and for the sake of efficiency. Plaintiffs respond that they are not required to elect a remedy, if at all, until their claims are submitted to the jury. For the reasons discussed below, defendant's motion is denied.

---

[1] Plaintiffs also brought claims for fraudulent inducement and breach of express warranty but defendant was granted summary judgment on those claims (*see* ECF doc. 152).

**I.      Background**

Plaintiffs allege defendant represented that its casino management software was capable of performing certain functions before they executed a Purchase and License Agreement (the "Agreement").  Plaintiffs assert that after the Agreement was executed, they discovered that there were serious deficiencies with the software and that it did not function correctly, which contradicted defendant's prior representations.  Accordingly, plaintiffs are pursuing three claims against defendant: breach of contract; negligent misrepresentation; and breach of implied warranty of merchantability.  Defendant argues that these are conflicting legal theories and plaintiffs must choose which of these theories to pursue before trial begins.

**II.     Analysis**

The purpose of the election of remedies doctrine is not to prevent recourse to a particular remedy but to prevent double redress for a single wrong.[2]  An election of remedies is required only when the claims are inconsistent.[3]  To make actions inconsistent, one action must allege what the other denies, or the allegations in one must necessarily repudiate or be repugnant to the other.[4]

---

[2] *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) (citing *Griffith v. Stout Remodeling, Inc.*, 219 Kan. 408, 411, 548 P.2d 1238, 1242 (1976)).

[3] *Id.* (citing *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 515, 757 P.2d 304, 306 (1988)).

[4] *Griffith*, 219 Kan. at 411, 548 P.2d at 1242.

As to the timing for an election of remedies, defendant acknowledges courts in the District of Kansas have not definitively ruled on this issue. Nevertheless, defendant cites *Evolution v. SunTrust Bank*, 342 F. Supp. 2d 964, 973 (D. Kan. 2004), where the court stated that the defendants must choose their remedy "[b]efore or at the outset of trial." Plaintiffs respond that the *Evolution* court cited no authority in support of its proposition and its decision is contrary to the clear pronouncements of Kansas state courts in two previous cases—*Patrons State Bank & Trust Co. v. Shapiro*, 215 Kan. 856, 528 P.2d 1198 (1974), and *Scott v. Strickland*, 10 Kan. App. 2d 14, 691 P.2d 45 (1984) .

In *Patrons State Bank & Trust Co.*, the defendant argued that it was error for the lower court to submit the case to the jury upon two theories, fraud and conversion, because they are inconsistent with one another.[5] Since the two claims were submitted to the jury as alternative theories of recovery, and since the plaintiff did not obtain double recovery, the Kansas Supreme Court upheld the Kansas Court of Appeals decision to submit both theories to the jury.[6] In *Scott*, the plaintiffs raised implied warranty allegations of both a contract and tort nature. The Kansas Court of Appeals found that plaintiffs were entitled to present their alternative claims to the jury; however, one theory or the other had to be elected prior to final submission to the jury.[7]

---

[5] *Patrons State Bank & Trust Co.*, 215 Kan. at 863, 528 P.2d at 1204.

[6] *Id.* at 863, 528 P.2d at 1204.

[7] *Scott*, 10 Kan. App. 2d at 18, 691 P.2d at 50.

Although not cited by the parties, in *Mid Continent Cabinetry, Inc.*, U.S. Magistrate Judge John Thomas Reid of the U.S. District Court for the District of Kansas held, "even assuming that the doctrine of election of remedies will apply in this case and force plaintiff to choose between his contract and tort theories, it would be error to require plaintiff to elect his remedies *before* trial."[8] Judge Reid relied upon *Griffith v. Stout Remodeling, Inc.*, where the Kansas Supreme Court held that it was error to require a pretrial election of remedies by plaintiff between tort and breach of warranty in the contract.[9]

In consideration of the foregoing, the court agrees with plaintiffs—allowing them to present alternative theories to the jury poses no risk of double recovery provided plaintiffs are required to elect one or the other before the jury decides the claim.[10] Despite defendant's assertion, evidence pertaining to plaintiffs' claims will not revolve around entirely separate sets of facts. Rather, plaintiffs' claims will likely involve overlapping evidence. Furthermore, the court is not persuaded that allowing plaintiffs to present evidence on all three claims would significantly lengthen the trial or confuse the jury.

---

[8] *Mid Continent Cabinetry, Inc.*, 130 F.R.D. at 153 (citing *Griffith*, 219 Kan. at 413, 548 P.2d at 1243).

[9] *Griffith*, 219 Kan. at 413, 548 P.2d at 1243.

[10] *See* ECF doc. 179 at 4.

In their response to defendant's motion, plaintiffs address whether the limitation on damages in the Agreement applies to their negligent misrepresentation claim. However, that issue is not before the court. Defendant's motion is confined to the issue of whether plaintiffs must elect their remedies *prior* to trial. The court concludes that, on the state of the record now before it, plaintiffs need not elect their remedies prior to trial. Accordingly, defendant's motion is denied. Any issues relating to the applicability of the damages limitation to plaintiffs' negligent misrepresentation claim may be addressed at a later time, if appropriate.

IT IS SO ORDERED.

Dated February 25, 2014, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U. S. Magistrate Judge